UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA T. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF WILLIAM DAVID GORE<br><br>Defendant. | Case No.: 17cv588-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant Sheriff William David Gore. (ECF No. 27).

On March 23, 2017, Plaintiff Pamela T. Johnson initiated this action by filing a Complaint against Defendant Sheriff William David Gore. (ECF No. 1). Plaintiff alleges that Defendant stalked and harassed Plaintiff and "engaged in guerilla warfare against me and my family." (ECF No. 1 at 2). Plaintiff's Complaint includes allegations that she "was hunted for sport and chemically attacked non-stop 24/7 with odorless, colorless agents seemingly designed to my own personal DNA," that Defendant "caused her to contract skin cancer because they were accessing our roof from the neighbors place and putting something down the chimney that caused sparking while we had a fire going" which caused

1

an ember to become lodged in her forehead, and that Defendant "strategically positioned a heavy roast in the freezer door knowing I would be the one to open the freezer[.]" (ECF No. 1 at 2). Plaintiff seeks three billion dollars in damages and various forms of injunctive relief.

On March 26, 2018, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1). Defendant contends that the Court cannot conclude on the basis of Plaintiff's pleadings that it has subject matter jurisdiction. Defendant contends that the Complaint fails to state a claim upon which relief can be granted because the allegations are implausible and lack an arguable basis in fact or law. Defendant contends that Plaintiff's claims are barred by California's two-year statute of limitations. Defendant contends that Plaintiff should be denied any leave to amend because this and her other federal filings[1] demonstrate that amendment would be futile.

On April 18, 2018, Plaintiff filed a letter stating that she was "in receipt of Sheriff Gore's San Diego County taxpayer funded and provided lawyer's reply to my allegations and accusations against Sheriff Gore." (ECF No. 29 at 1). Plaintiff asserts that her allegations are "extremely serious, true, and verifiable" and reiterates her concerns that she "was under extreme surveillance and constant[] assault." *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short

---

[1] Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted). The Court takes judicial notice of four other cases filed by Plaintiff in federal district court: (1) *Johnson v. Madison County DA Broussard, et al*, Case No. 5:17-CV-00388 (ND AL, 2017); (2) *Johnson v. Obama*, Case No. 5:17-CV-00466 (ND AL, 2017); (3) *Johnson v. Comey, et al.*, Case No. 5:17-CV-00435 (ND AL, 2017); (4) *Johnson v. Wal-Mart Stores, et al.*, Case No. 5:17-CV-00675 (ND AL, 2017).

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In this case, the allegations of the Complaint are unintelligible and lack an arguable basis in law or fact. Plaintiff fails to provide factual allegations that plausibly support a cognizable legal theory. *See Balistreri*, 901 F.2d at 699; *see also Baurle v. Baurle*, 703 F. App'x 611, 612 (9th Cir. 2017) ("The district court properly dismissed [the] action as frivolous because [the] claims lacked any arguable basis in law or fact."). The motion to dismiss for failure to state a claim is granted. The Court further concludes that any amendment would be futile. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Accordingly, the Court dismisses the Complaint without leave to amend.

///

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant is GRANTED. (ECF No. 27). The Complaint is dismissed with prejudice and without leave to amend.

Dated: June 22, 2018

Hon. William Q. Hayes
United States District Court